IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MELVIN GREEN,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> ) <br> v. ) <br> ) <br> **ROGERS-PREMIER UNLOADING** ) <br> **SERVICES, LLC AND US FOODS,** ) <br> **INC.,** ) <br> ) <br> ) <br> **Defendants.** ) <br> ) | **Civil Action File** <br> **No. _____** <br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW, Melvin Green ("Mr. Green"), by and through undersigned counsel, and files this Complaint for Damages against Rogers-Premier Unloading Services, LLC and US Foods, Inc. (collectively, "Defendants"), showing the Court as follows:

### INTRODUCTION

1.

During its employment of Mr. Green, Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (the "FLSA"), by failing to pay Mr. Green overtime compensation for hours worked in excess of 40

1

hours per week and by failing to compensate Mr. Green at the minimum wage rate for each hour worked.

2.

As a result of Defendants' FLSA violations, Mr. Green is seeking unpaid overtime compensation, unpaid minimum wages, liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the instant action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts giving rise to this Complaint occurred within this District, and because Defendants are subject to this Court's personal jurisdiction.

## PARTIES

5.

Defendant Rogers-Premier Unloading Services, LLC ("Rogers-Premier") is a Foreign Limited Liability Company, organized under the laws of North Carolina, with a principal office address of 3801 Sunset Avenue, PO Box 7927, Rocky

Mount, North Carolina 27804.  Rogers-Premier regularly does business in the State of Georgia and may be served through its registered agent, CT Corporation System, at 1201 Peachtree Street NE, Atlanta, Georgia 30361.

6.

Defendant US Foods, Inc. ("US Foods") is a Foreign Profit Corporation, organized under the laws of Delaware, with a principal office address of 9399 West Higgins Road, Suite 500, Rosemont, Illinois, 60018-6600.  US Foods regularly does business in the State of Georgia and may be served through its registered agent, CT Corporation System, at 1201 Peachtree Street NE, Atlanta, Georgia 30361.

7.

At all times material to this action, Rogers-Premier and US Foods were Mr. Green's "joint employer" for purposes of the FLSA due to an arrangement between the individual Defendants to share the services of Mr. Green, and/or because one of the individual Defendants acted directly or indirectly in the interest of the other Defendant in relation to Mr. Green, and/or because the individual Defendants shared control of Mr. Green's employment, and/or because one Defendant controls the other Defendant, and/or because Defendants are under common control.

8.

At all times material hereto, each Defendant had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. Each Defendant's annual gross volume of sales made or business done was at least $500,000.00 during Mr. Green's employment.  Thus, each Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

9.

At all times material hereto, Mr. Green was a non-exempt "employee" of Defendants for purposes of the FLSA.

10.

At all times material hereto, Mr. Green handled, sold, and/or worked on goods or materials that have been moved in or produced for commerce and was thus engaged in commerce during his employment with Defendants.

**FACTUAL ALLEGATIONS**

11.

Mr. Green worked for Defendants at a US Foods warehouse in Fairburn, Georgia for approximately five years before Defendants terminated his employment in September 2015.

4

12.

Defendants compensated Mr. Green on a hybrid "base pay"/piece-rate basis, which resulted in variations in Mr. Green's pay from week to week.

13.

Throughout his employment with Defendants, Mr. Green frequently worked in excess of 40 hours per week.

14.

Although Defendants were aware of the fact that Mr. Green regularly worked in excess of 40 hours per week, Defendants misclassified Mr. Green as an exempt employee for purposes of the FLSA, and Defendants failed to pay Mr. Green overtime compensation.

15.

Mr. Green spent a significant portion of his time performing manual labor.

16.

Mr. Green did not exercise discretion or independent judgment with respect to matters of significance.

17.

Mr. Green did not manage Defendants' business operations, nor did Mr. Green ever manage any department or subdivision of Defendants.

18.

Mr. Green did not have the ability to interview, hire, fire, reward, discipline, or evaluate the performance other employees.

19.

At all times material hereto, Mr. Green was a non-exempt employee for purposes of the FLSA.

20.

Defendants knowingly suffered or permitted Mr. Green to work more than 40 hours per week.

21.

Defendants failed to make, keep, and preserve accurate records sufficient to determine the number of hours actually worked by Mr. Green.

22.

On information and belief, Mr. Green's pay was at times insufficient to compensate him at the minimum hourly wage for each hour worked.

23.

Defendants have not made a good faith effort to comply with the FLSA with respect to Mr. Green.

## COUNT ONE: VIOLATION OF FLSA (OVERTIME)

24.

Mr. Green realleges and incorporates Paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25.

At all times relevant hereto, Mr. Green was a non-exempt employee of Defendants for purposes of the FLSA. Thus, Defendants were obligated to pay Mr. Green at least one and one-half times his regular rate for each hour worked in excess of 40 hours per week.

26.

By failing to pay Mr. Green overtime compensation in accordance with § 207 of the FLSA, and by failing to make, keep, and preserve accurate records concerning Mr. Green's employment, despite knowledge of Mr. Green's status as a non-exempt employee, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

27.

As a result of Defendants' willful violations of the FLSA's overtime provisions, Mr. Green is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

## COUNT TWO:  VIOLATION OF FLSA (MINIMUM WAGE)

28.

Mr. Green realleges and incorporates Paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

29.

At all times relevant hereto, Mr. Green was a non-exempt employee for purposes of the FLSA.  Thus, Defendants were obligated to pay Mr. Green at a rate not less than the hourly minimum wage of $7.25 per hour.

30.

By failing to properly pay Mr. Green in accordance with § 206 of the FLSA, and by failing to make, keep, and preserve records sufficient to determine Mr. Green's wages and hours, despite knowledge of Mr. Green's status as a non-exempt employee, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

31.

As a result of Defendants' willful violations of the FLSA's minimum wage provisions, Mr. Green is entitled to damages, including, without limitation, unpaid wages sufficient to compensate Mr. Green at the minimum wage rate for all hours worked, liquidated damages, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Green prays:

(a)   That Defendants be served with process and required to answer this suit;

(b)   For a trial by a jury;

(c)   For judgment in favor of Mr. Green and against Defendants for all damages and relief allowed by law;

(d)   For an award of litigation expenses and costs, including attorneys' fees; and

(e)   For such other and further relief as this Court deems just and proper.

Respectfully submitted this  28th  day of October, 2015.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*
LOUIS R. COHAN
Georgia Bar No. 173357
MICHELLE L. WEIN
Georgia Bar No. 385424
*Attorneys for Plaintiff*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
mwein@cohanlawgroup.com

9