IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MELVIN GREEN, | ) | Civil Action File |
| | ) | No. 1:15-cv-03778-WSD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROGERS-PREMIER UNLOADING | ) | |
| SERVICES, LLC AND US FOODS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

## JOINT MOTION FOR JUDICIAL REVIEW AND APPROVAL OF SETTLEMENT

COME NOW, Plaintiff Melvin Green ("Plaintiff") and Defendants Rogers-Premier Unloading Services, LLC ("Rogers-Premier") and US Foods, Inc. ("US Foods") ("Defendants," collectively the "Parties"), and hereby submit this Joint Motion for Judicial Review and Approval of Settlement (the "Motion") in the above-styled case (the "Lawsuit"), showing as follows:

### I.    Legal Principles.

Pursuant to the case law regarding settlement of claims arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et. seq. ("FLSA"), there are two ways in which claims under the FLSA can be settled and released by an

employee. First, § 216(c) of the FLSA allows an employee to settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in a private lawsuit brought by an employee against an employer under the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

- 2 -

*Lynn's Food Stores*, 679 F.2d at 1354.  Accordingly, the Court has the authority to approve the Parties' Motion for Approval of Settlement.

## II.     The Disputed Issues.

In accordance with the legal principles outlined above, the Parties respectfully request that the Court approve the Parties' negotiated settlement of Plaintiff's FLSA claims.  The Parties agree that the instant adversarial action involves disputed factual and legal issues, including: (i) whether Plaintiff was properly classified as an exempt employee; (ii) the number of unpaid hours, if any, worked by Plaintiff; and (iii) whether Plaintiff was paid a minimum wage for all hours worked; and (iv) whether Plaintiff is entitled to recover liquidated damages.

The Parties, represented at all times by undersigned counsel experienced in wage and hour employment disputes, engaged in settlement discussions.  After negotiations amongst the Parties, a settlement was reached and the terms of settlement reflect a reasonable "give-and-take" on the major issues in dispute.

The Parties reviewed and assessed the potential risks of litigation with their respective counsel.  The Parties agree that the negotiated terms of settlement, as summarized below, reflect a reasonable compromise of all disputed issues, and that the negotiated settlement is in the Parties' best interests.

- 3 -

### III.    Summary of the Case.

Plaintiff began working for Rogers-Premier as a "freight runner" in 2011.  In October 2012, Plaintiff was promoted to "Lead Supervisor" on the freezer dock.  Following his promotion, Rogers-Premier classified Plaintiff as an exempt employee, and he was no longer eligible for overtime wages for any hours worked beyond forty in one work week.  On or about October 28, 2015,  Plaintiff filed the Lawsuit, alleging violations of the FLSA, specifically failure to pay overtime wages and failure to pay the minimum wage for all hours worked.  [Dkt. No. 1].  Plaintiff further alleged that US Foods was his "joint employer" under the FLSA, and is also liable for said FLSA violations.  Defendants deny all allegations.

The Parties engaged in written discovery, including document production of relevant pay records, personnel documents, job description, and load information, and the depositions of Plaintiff and corporate representatives for both Defendants.  The Parties anticipate a minimum of four additional depositions, third party discovery, filing and responding to motions for summary judgment, and, if any claim survived summary judgment, proceeding to trial in this matter.  Accordingly, in an effort to reduce the expense, burden and disruption of continued litigation for all Parties, the Parties agreed to a settlement that will compensate Plaintiff to the

- 4 -

extent that he was owed any overtime wages or wages sufficient to show he made a minimum wage at all relevant times to this Lawsuit (the "Settlement").

## IV.    Confidentiality.

A key and material term of the Settlement is that the terms of the Settlement be kept confidential.  Accordingly, the Parties respectfully request that the terms of the Settlement, including without limitation the settlement amount, be kept confidential, and as such, that the settlement agreement be filed and kept under seal.   The Parties simultaneously submitted a Motion to File Under Seal, as directed by Chambers' staff, requesting that the settlement amount be kept confidential and filed under seal.  A redacted copy of the Settlement Agreement is attached hereto as Exhibit "A," and an un-redacted copy will be submitted to Chambers by email, as directed by Chambers' staff.

## V.    Conclusion.

The settlement in the instant matter is fair and was structured in a similar manner as many FLSA settlements previously approved by courts.  The Parties jointly and respectfully request that this Court approve the settlement agreement between the Parties.  The Parties agree that this is a fair settlement and that it is in all Parties' best interests to resolve this matter, pay the settled claims, and dismiss

this matter with prejudice.  Following settlement approval, and payment of the

settlement proceeds, the Parties will filed a Joint Stipulation of Dismissal.

Respectfully prepared and submitted this 8th day of April, 2016 by:

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

*s/ Jodi D. Taylor*
John Hinton IV
Georgia Bar No. 356887
Jodi D. Taylor
Georgia Bar No. 208180
*Attorneys for Defendants Rogers-Premier Unloading Services, LLC and US Foods, Inc.*

Monarch Plaza, Suite 1600
3414 Peachtree Road
Atlanta, Georgia 30326
404-577-6000 / 404-221-6501 fax
jhinton@bakerdonelson.com
jtaylor@bakerdonelson.com

**COHAN LAW GROUP, LLC**

*s/ Louis R. Cohan*
Louis R. Cohan
Georgia Bar No. 173357
*Attorney for Plaintiff Melvin Green*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I have electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

Louis R. Cohan, Esq.
Cohan Law Group, LLC
3340 Peachtree Road, NE, Suite 2570
Atlanta, GA 30326

This 8th day of April, 2016.

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC

*s/ Jodi D. Taylor*
Jodi D. Taylor, Esq.
Georgia State Bar No. 208180