## SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Settlement and General Release Agreement ("Agreement") is entered into by and between Melvin Green ("Employee"), Rogers-Premier Unloading Services, LLC (the "Employer") and US Foods, Inc. ("US Foods," together with Employer, the "Defendants"). The Employee and Defendants are referred to herein collectively as the "Parties" or "parties."

## RECITALS

A.  Whereas Employee has asserted that he previously performed various work for Employer as an employee, that US Foods was his statutory joint employer, and has filed the lawsuit styled as *Green v. Rogers-Premier Unloading Services, LLC and US Foods, Inc.*, Civil Action No. 1:15-cv-03778-WSD, pending in the United States District Court for the Northern District of Georgia (the "Lawsuit"), asserting violations of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) against both Defendants, including failure to pay Employee overtime compensation for hours worked in excess of 40 hours per week, and failure to compensate Mr. Green at the minimum wage rate for each hour worked. Employee seeks backpay, liquidated damages, and reasonable attorneys' fees and costs.

B.  Whereas the Defendants and their affiliates and all of their employees and other agents have denied and continue to deny any and all liability or wrongdoing in connection with the Lawsuit, that US Foods is not Employee's joint employer, and all of the Employee's asserted and un-asserted claims, and Defendants maintain that they have complied with all relevant laws and obligations, Defendants enter into this Agreement to resolve the Lawsuit, and to avoid the burden and expense of continued litigation.

C.  Whereas the Parties wish to resolve any and all claims, disputes, and controversies that have arisen or that could arise from any of Employee's prior interactions or relationships with the Defendants and any of their Released Parties, and any other claims the Employee may have against the Defendants and any of their Released Parties.

D.  Whereas the Parties desire and intend to seek Court approval of the settlement of the Lawsuit as set forth in Section 1 of this Agreement and to seek an entry of final dismissal from the Court, dismissing with prejudice the claims of Employee as set forth herein.

**NOW, THEREFORE**, in consideration of the terms, conditions and covenants contained herein, the parties agree as follows:

1.  **Approval of Settlement.** All terms of this Agreement are contingent upon

1

the approval of the Court, and this Agreement is entered into voluntarily by the Parties for settlement purposes only.  Notwithstanding the above, the Parties intend for the terms and provisions of this Agreement to be binding upon the Parties subject to the approval of the Court.

2. **Settlement Approval Procedure.** This Agreement will become final and effective upon occurrence of all of the following events:

a. Submission to the Court of a Joint Motion for Review and Approval of Settlement requesting the Court's approval of the settlement;

b. Entry of an Order by the Court approving this settlement in accordance with all of its terms, including, without limitation, approving the release of all claims as provided herein;

c. Execution of this Agreement by all Parties; and.     Upon approval of the settlement, Defendants shall tender to Employee's Counsel the settlement payment as stated below. Once payment has been tendered, Counsel for the Parties will file the agreed-upon Stipulation of Dismissal with prejudice in the Lawsuit, dismissing with prejudice the Lawsuit in its entirety, a copy of which is attached hereto as Exhibit "A."

3. **Effect of Non-Approval.** In the event that any of the conditions specified in Section 2 of this Agreement are not satisfied, or in the event that this Agreement does not obtain approval of the Court for any reason or is otherwise not effectuated in accordance with its terms, all matters covered by this Agreement, shall, for all purposes, be null and void. In such event, nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the Action and the Parties do not waive, and instead expressly reserve their respective and all rights with respect to the prosecution and defense of the Action and the Parties shall be restored to their respective positions as if the Agreement never existed. If voided, the Parties further agree to extend any necessary deadlines in the Action, or where necessary, jointly cooperate and request that the Court do so.

4. **Settlement Payment.** 



The above-referenced settlement payment shall be delivered to Employee's counsel's address at 3340 Peachtree Road, N.E. Suite 2570, Atlanta, Georgia, 30326, and receipt of such by Employee's counsel's office shall satisfy the Defendants' delivery obligations as to the settlement payment.

The Defendants and their Released Parties are not responsible for any settlement payment or other payment to Employee pursuant to this Agreement or otherwise, except as expressly provided herein.

The Parties understand that these settlement amounts are subject to Court approval as outlined in Paragraphs one (1) and two (2) above. Defendants do not object to the proposed attorneys' fees set forth above. However, if the Court reduces the amount of attorneys' fees, but otherwise approves the settlement, this Agreement, and all terms of settlement including without limitation dismissal with prejudice of the Lawsuit and all releases and terms contained herein, will remain in force.

5. **Tax Payments and Indemnification.** Employee understands that the settlement payment referenced in paragraph four (4) is in total satisfaction of any and all amounts Defendants must pay in connection with the settlement and the releases provided herein (including for all costs, attorneys' fees, tax obligations, or other expenses incurred). Employee acknowledges and agrees that he shall be solely responsible for complying with his respective tax reporting obligations in connection with this settlement, including as well Employee's share of any tax liability (whether for income, employment taxation, or otherwise) incurred as a result of this settlement, and agree to hold harmless the Defendants from any tax liability arising out of the settlement amounts, payments, and other consideration provided for herein.

6. **Tax Information and Consequences.** The Defendants' obligation to make payment and the commencement of the Defendants' time to make payment shall

be contingent upon Employee and Employee's counsel each providing a completed W-9 to the Defendants' counsel and this may be done via electronic mail. Neither the Defendants' or Employee's counsel is providing tax advice to Employee or any other party. Employee remains personally responsible for ensuring the proper payment of all taxes due, as determined by the applicable taxing authority.

7. **Consideration.** Employee understands and acknowledges that the settlement payment referenced in paragraph four (4) above constitutes valid and adequate consideration for the releases contained herein, and that receipt of such payment is conditioned upon his compliance with the terms of this Agreement. Upon receipt of the settlement payment referenced herein, Employee agrees that the Defendants and their Released Parties have no further liability or debt owing to Employee whatsoever for any reason as this is a complete and final settlement of all possible claims, whether known or unknown, against the Defendants and their Released Parties as described below.

8. **No Disparaging or Defamatory Comments.** Employee shall not make any defamatory or disparaging comments about the Defendants or their business or business practices to any person or entity, at any time, or such comments about the Defendants' officers, managers, supervisors, shareholders, owners, agents, or their affiliate companies.

9. **Prospective Employers.** In the event of inquiries from prospective employers or others concerning Employee, the Employer shall only provide information concerning Employee's dates of employment and any position(s) held, and the Employer shall not mention or disclose that Employee filed a lawsuit against the Employer, which is released as provided herein.

10. **Release of Claims.** Upon the execution of this Agreement, Employee individually and for his descendants, ancestors, dependents, heirs, executors, administrators, successors in interest and assigns irrevocably and unconditionally relieves, releases and discharges the Defendants, the Defendants' predecessors, successors, parents, subsidiaries, affiliates, any actual or alleged joint employers, and other representatives and agents of any kind acting by, through, under, in concert with, or on behalf of either of the Defendants, and all parents, subsidiaries, affiliates, and all other companies and entities affiliated with the Defendants (the "Released Entities"), and all of the Released Entities current and former owners, shareholders, partners, officers, directors, managers, members, supervisors, employees, assigns, attorneys, insurers, and independent contractors (the "Released Parties"), from any and all claims, actions, causes of action, rights, demands, debts, obligations, damages, accountings, or any other matters of whatever nature, known or unknown, which Employee may have arising out of any of the matters, acts or omissions described or referred to in the Lawsuit, or in any way arising from the prior relationship, involvement, or contact between the parties to date or in the future, or any claim Employee may have against

4

the Defendants and the Released Parties, whether referred to in the Lawsuit or not.

Without in any way limiting the generality of the foregoing, and by way of example only, this general release also includes any claims or causes of actions related in any way to Employee's prior or current relationships and interactions with the Defendants and the Released Parties to the greatest extent permitted by state or federal law, including, without limitation, and without limiting the generality of the foregoing, the Lawsuit, any claims (whether state, federal, or administrative) for compensation, salaries, wages, bonuses, commissions, overtime, benefits, sick pay, holiday pay, vacation, paid time-off, severance pay, paid leave benefits, penalties, interest, damages, back or front pay, costs, expenses, attorneys' fees, employee benefits, promises concerning any of the above, remedies of any other type, breach of contract or duty, malicious prosecution, fraud, misrepresentation, defamation, discrimination or harassment in any form (including, without limitation, based on age, disability or any Title VII protected class), retaliation, breach of the implied covenant of good faith and fair dealing, wrongful or tortious discharge in violation of statute or public policy, negligent or intentional interference with contract or prospective economic advantage, assault, battery, invasion of privacy, intentional or negligent infliction of emotional distress, or any other claims arising under any federal, state, local or other governmental statute or ordinance, including without limitation, the National Labor Relations Act; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; the Americans with Disabilities Act of 1990; the Fair Labor Standards Act; the Occupational Safety and Health Act; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Age Discrimination in Employment Act ("ADEA"); the Older Workers Benefit Protection Act; the Worker Adjustment and Retraining Notification Act ("WARN"); the Employee Retirement Income Security Act of 1974; the Family and Medical Leave Act of 1993; the Rehabilitation Act of 1973; the Internal Revenue Code of 1986, as amended; the Georgia Workers Compensation Act which Employee has, may have, and/or has ever had against Defendants and the Released Parties, including, but not limited to,; any Georgia state law claims; and all claims for punitive damages, liquidated damages, exemplary damages, attorneys' fees and costs, as well as any other statutes, laws regulations or damages of similar content or effect. Nothing in this Agreement is intended to release any ADEA claim Employee may have that arises after the execution of this Agreement, or otherwise release any claims that cannot be released or waived by law pursuant to this Agreement.

As part of this Release, Employee agrees to dismiss the Lawsuit with prejudice as further described in Paragraphs 1 and 2 of this Agreement.

11. **WAIVER**: Employee understands and agrees that with respect to any possible claim arising under the Age Discrimination in Employment Act of 1967 ("ADEA") he:

a. has had the opportunity to consider this Agreement a full twenty-one (21) days before executing it, but has waived the twenty-one (21) day period;

5

b. has carefully read and fully understands all of the provisions of this Agreement;

c. is, through this Agreement, releasing Defendants and the Released Parties from any and all claims he may have against them;

d. knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

e. knowingly and voluntarily intends to be legally bound by this Agreement;

f. acknowledges that he is waiving rights under the ADEA in exchange for consideration beyond which he is otherwise not entitled;

g. was advised and hereby is advised in writing to consider the terms of this Agreement and to consult with an attorney of his choice prior to executing this Agreement;

h. understands he has the opportunity for a full seven (7) days following the execution of this Agreement to revoke this Agreement only as it relates to claims arising under the ADEA and has been and hereby is advised in writing that this Agreement only as it relates to claims arising under the ADEA shall not become effective or enforceable until the revocation period has expired. Any notice of revocation on Employee's part under this subparagraph should be made in writing and directed to: Jodi D. Taylor, Baker Donelson Bearman Caldwell & Berkowitz, 3414 Peachtree Road, Suite 1600, Atlanta, GA 30326 or jtaylor@bakerdonelson.com; and,

i. understands that rights or claims under the ADEA that may arise due to acts or omissions that occur after the date this Agreement is executed are not waived.

The Parties agree that any change made to this Agreement, whether material or immaterial and regardless of the reason for the change, will not restart the running of the twenty-one (21) day period described in subparagraph (a) of this Paragraph, above.

12. **Release of Known and Unknown Claims.** Employee understands and agrees that this Agreement shall act as a release of all unknown or future claims that may arise from Employee's prior relationships or interactions with the Defendants and their Released Parties, including, without limitation, any application for employment, actual or alleged employment, or separation from employment with the Defendants or their Released Parties, whether such claims are currently known or unknown.

6

13. **Binding Agreement.** The Parties herein agree that they have reached a full and final settlement of all claims. This Agreement contains the material terms of the Agreement between the Parties and is enforceable under applicable law. This Agreement is admissible pursuant to applicable law in an action to enforce the settlement.

14. **Waiver of Reemployment.** Employee acknowledges he is no longer an employee of the Employer, and is not an employee of US Foods, or their Released Parties and in any event is hereby separated from such employment. Further, because of circumstances unique to Employee, *inter alia*, irreconcilable differences, Employee shall not knowingly apply in the future for employment or re-employment with the Defendants or their present or future divisions, or successors, parents, subsidiary, or affiliate companies. Employee further agrees that the Defendants and their present or future divisions, and the Defendants' predecessors, successors, parents, subsidiaries, or affiliate companies shall not be liable because one of them refuses to employ Employee for any reason whatsoever.

15. **No Filing or Assignment of Claims.** Employee warrants that there has been no filing, assignment or other transfer of any interest in any claim that Employee may have against the Defendants or their Released Parties. Employee agrees to indemnify and hold the Defendants and their Released Parties harmless from any liabilities, claims, demands, damages, costs, expenses, and attorneys' fees incurred by the Defendants and their Released Parties as a result of any such filing, assignment, or other transfer.

16. **No Admission of Liability and Inadmissibility of Agreement.** Employee understands that the Defendants and their Released Parties wholly deny the allegations made by Employee against the Defendants and their Released Parties in the Lawsuit, and that nothing contained herein shall be deemed to be an admission by the Defendants or establishment of any obligation, liability, or other fact or circumstance concerning the subject matter of the Lawsuit, whether generally or specifically. In the event this Agreement is not effectuated in accordance with its terms in all respects, the settlement shall be null and void and any order entered by any Court in furtherance of this settlement shall be treated as void ab initio. In such case, this Agreement, all negotiations, Court orders, and proceedings relating thereto, and all evidence or material relating to the settlement and all negotiations shall not be admissible against the Defendants and their Released Parties in any action or proceeding, in any other litigation, or otherwise. Any funds paid or used or to be used in connection with the settlement, shall be returned to the Defendants in full, and the Defendants shall be restored to their positions as though this Agreement had never been executed.

17. **Confidentiality of Information.** Employee agrees to maintain the

confidentiality of all confidential, proprietary, or trade secret information acquired through his employment with Employer, including without limitation, confidential, proprietary, or trade secret information regarding the Defendants' business operations, clients, financial information, or any other information related to the business operations of the Defendants Employee actually acquired as part of his employment with Employer, as well as any information exchanged in this litigation, in particular (but without limitation) those items identified as Confidential pursuant to the Consent Protective Order entered on February 22, 2016 ("Protective Order"). [Dkt. 23]. This paragraph shall not prohibit Employee from responding to a lawful subpoena, court order, or other law or legal proceeding compelling the disclosure of such information, except that Employee shall first provide reasonable notice of such subpoena to the Defendants to give the Defendants a reasonable opportunity to object to such disclosure. This paragraph shall not prohibit Employee from disclosing relevant confidential information to Employee's attorney(s), accountant(s), or tax advisor(s).

Further, Employee and his Counsel shall return and/or destroy documents exchanged in this litigation in compliance with the Protective Order.

18.  **Confidentiality of Agreement.**  (a)  The Parties agree that they will request that the Court allow the terms of this Agreement to remain confidential. Other than as necessary to obtain Court approval of this settlement, Employee agrees not to disclose the amount of the Settlement Payment to anyone other than his tax advisor, spouse, or as required by law, nor shall he encourage any person or entity to discover the same and/or to bring suit against Defendant or any related party.

(b)  In the event the Court does not enforce the provisions of this Agreement contained in Section 18(a), the following provision shall govern the Parties: other than through court filings authorized herein, Employee shall not publicize the Agreement, including without limitation, discussing the Agreement or the Lawsuit with any potential claimant or representative of any print, radio or television media, or encouraging any potential claimant to bring a claim against any of the Released Parties. Defendants may make such disclosures of the Agreement as required under applicable corporate laws and obligations.  Further, Employee agrees he will not waive any confidentiality regarding his counsel's representation of him in the Lawsuit.

(c)  Employee acknowledges that a breach of the confidentiality sections in this Agreement would be severely damaging to Defendants, and that actual damages suffered by the Defendants as a result of any Employee breach would be difficult to ascertain. Therefore, in the event that the Defendants prove in the applicable legal forum that Employee has violated any of the applicable confidentiality provisions, and in recognition of the difficulty in assessing damages in such a case, Employee shall pay separately to the Defendants the sum of Thirty-Five Hundred Dollars and No Cents ($3,500.00) per breach as liquidated damages, and not as a penalty, without regard to the degree to which the Defendants are affected by the breach of confidentiality, in

addition to whatever expenses in attorneys' fees and costs are incurred by the Defendants in successfully bringing a legal action to enforce the applicable confidentiality provisions agreed to and to the extent necessary approved by a court.

19. **Attorneys' Fees and Costs.** Except for the settlement payment for fees, costs and other expenses set forth in this paragraph four (4) of this Agreement, the Parties shall bear responsibility for their own fees, costs and expenses incurred by them or otherwise arising out of the Lawsuit and will not seek reimbursement thereof from any party to this Agreement or the Released Parties, except that if any party is forced to bring suit to enforce the provisions of this Agreement, the prevailing party in that action shall be entitled to recover its attorneys' fees and costs.

20. **Execution in Counterpart and Facsimile Signatures.** This Agreement may be executed in one or more counterparts, which shall constitute one binding agreement. Transmittal and receipt of a facsimile copy of this Agreement with the facsimile signatures shall be binding on the parties hereto.

21. **Successors in Interest.** This Agreement shall be binding upon and inure to the benefit of all agents, employees, officers, directors, shareholders, members, managers, owners, parents, predecessors, successors, affiliates, assigns, executors, administrators, personal representatives, heirs and other successors in interest of the Parties hereto.

22. **Construction.** This Agreement is the result of arms' length negotiations between the Parties and shall be construed as if it was jointly drafted by the Parties without reference to any principle by which it is interpreted against the drafter. The paragraph headings used in this Agreement are intended solely for convenience and reference and shall neither modify or limit the terms of this Agreement, nor be used in the interpretation of any of the provisions in this Agreement.

23. **Georgia Law to Govern.** All terms of this Agreement and any exhibits hereto shall be governed by and interpreted according to the laws of the State of Georgia, except to the extent that federal law requires federal law to govern. The Parties agree that any action to enforce this Agreement shall be filed in the United States District Court for the Northern District of Georgia, Atlanta Division, and that the Parties will request that the matter be transferred to Judge Duffey if it is not originally assigned to him upon filing.

24. **Integration and No Modification.** This Agreement contains the entire agreement between the Parties and may not be altered, amended, or modified in any respect, except by a writing duly executed by the Parties hereto. All other prior agreements and understandings, oral agreements, and writings are merged herein, expressly superseded by this Agreement, and are of no further force or effect.

9

25. **Opportunity to Consult Counsel.** Each Party hereto has been represented by counsel and has been given the opportunity to consult counsel regarding the contents of this Agreement, and each Party has sought the advice of counsel to the extent such Party believes it necessary to do so prior to entering into this Agreement.

26. **Voluntary and Knowing Execution.** The Parties acknowledge that they each have the right to enter into this Agreement or not enter into this Agreement, and that they entered into this Agreement knowingly and voluntarily, with full understanding of its terms.

27. **Acknowledgment.** Employee acknowledges that following timely receipt of the Settlement Payments set forth in Paragraph four (4) herein, he has received all of the monetary compensation, including hourly wages, salary, overtime compensation, and/or pay for accrued sick, vacation or personal time off, which he believes he is entitled under the Fair Labor Standards Act, as amended, or any other applicable state and federal law.

28. **Time is of the Essence.** The Parties agree that time is of the essence as to every provision of this Agreement.

DATED: 4/6/16

Employee Melvin Green

By: Melvin Green

DATED: _____

Rogers-Premier Unloading Services, LLC

By: _____
Name:
Title:

DATED: _____

US Foods, Inc.

By: _____
Name:
Title:

Submitted and approved by Counsel for all Parties:

10

25. **Opportunity to Consult Counsel.** Each Party hereto has been represented by counsel and has been given the opportunity to consult counsel regarding the contents of this Agreement, and each Party has sought the advice of counsel to the extent such Party believes it necessary to do so prior to entering into this Agreement.

26. **Voluntary and Knowing Execution.** The Parties acknowledge that they each have the right to enter into this Agreement or not enter into this Agreement, and that they entered into this Agreement knowingly and voluntarily, with full understanding of its terms.

27. **Acknowledgment.** Employee acknowledges that following timely receipt of the Settlement Payments set forth in Paragraph four (4) herein, he has received all of the monetary compensation, including hourly wages, salary, overtime compensation, and/or pay for accrued sick, vacation or personal time off, which he believes he is entitled under the Fair Labor Standards Act, as amended, or any other applicable state and federal law.

28. **Time is of the Essence.** The Parties agree that time is of the essence as to every provision of this Agreement.

DATED: _____     Employee Melvin Green

                            By: _____

DATED: 4-5-2016             Rogers-Premier Unloading Services, LLC

                            By: _____Kim Bayless_____
                            Name: Kim L. Bayless
                            Title: Vice President

DATED: _____      US Foods, Inc.

                            By: _____
                            Name:
                            Title:

Submitted and approved by Counsel for all Parties:

10

of its terms.

27. **Acknowledgment.** Employee acknowledges that following timely receipt of the Settlement Payments set forth in Paragraph four (4) herein, he has received all of the monetary compensation, including hourly wages, salary, overtime compensation, and/or pay for accrued sick, vacation or personal time off, which he believes he is entitled under the Fair Labor Standards Act, as amended, or any other applicable state and federal law.

28. **Time is of the Essence.** The Parties agree that time is of the essence as to every provision of this Agreement.

DATED: _____     Employee Melvin Green

                            By: _____

DATED: _____     Rogers-Premier Unloading Services, LLC

                            By: _____
                            Name:
                            Title:

DATED: _____     US Foods, Inc.

                            By: _____
                            Name: Kenneth Baren
                            Title: Corporate Counsel

Submitted and approved by Counsel for all Parties:

                            **BAKER, DONELSON, BEARMAN,
                            CALDWELL & BERKOWITZ, PC**

                            *s/ Jodi D. Taylor*
Monarch Plaza, Suite 1600   John Hinton IV
3414 Peachtree Road         Georgia Bar No. 356887
Atlanta, Georgia 30326      Jodi D. Taylor
404-577-6000 / 404-221-6501 fax     Georgia Bar No. 208180

10

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC

Monarch Plaza, Suite 1600
3414 Peachtree Road
Atlanta, Georgia 30326
404-577-6000 / 404-221-6501 fax
jhinton@bakerdonelson.com
jtaylor@bakerdonelson.com

*s/ Jodi D. Taylor*
John Hinton IV
Georgia Bar No. 356887
Jodi D. Taylor
Georgia Bar No. 208180
*Attorneys for Defendants Rogers-Premier Unloading Services, LLC and US Foods, Inc.*

COHAN LAW GROUP, LLC

*s/ Louis R. Cohan*
Louis R. Cohan
Georgia Bar No. 173357
Michelle L. Wein
Georgia Bar No. 385424
*Attorneys for Plaintiff Melvin Green*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
mwein@cohanlawgroup.com

11